IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HILLERY J. BRINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-3733 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| EAGLE EXPRESS LINES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hillery J. Brinson has filed this action against Defendant Eagle Express Lines, Inc. alleging that Defendant permitted a hostile work environment and fired him in retaliation for complaining about that environment. Currently before the Court is Defendant's motion to dismiss [9] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons explained below, Defendant's motion [9] is denied. The case is set for further status on February 13, 2019 at 9:00 a.m.

**I. Background[1]**

On May 3, 2016, Plaintiff initiated an administrative proceeding by filing a charge for discrimination with the Illinois Department of Human Rights ("IDHR") against his former employer, Defendant Eagle Express Lines, Inc., alleging that the company permitted a hostile work

---

[1] The facts are drawn from Plaintiff's complaint and are taken as true for purposes of deciding Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). See *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also takes judicial notice of the records in the relevant bankruptcy and state court actions: *In re Brinson*, No. 16-13803 (Bankr. N.D.Ill.) ("Bankruptcy I"); *In re Brinson*, No. 17-30376 (Bankr. N.D.Ill.) ("Bankruptcy II"); *Brinson Hillery v. Eagle Express Lines, Inc.*, No. 2017-CH-16567 (Ill. Cir. Ct.) ("the State Action"). The Court may take judicial notice of matters of the public record, including court records, on a motion to dismiss brought under Rule 12(b)(1). See *Long*, 182 F.3d at 554 (allowing a district court ruling on a 12(b)(1) motion to "'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists'"); see also *Menominee v. Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (judicially noticing historical documents).

environment and retaliated against him for complaining about the harassment. See generally [1-1]. The pleadings and relevant documents do not indicate whether Plaintiff was represented at that point.

Two weeks before filing his complaint, Plaintiff had filed a voluntary petition for Chapter 13 bankruptcy on April 22, 2016. [Bankruptcy I, R. 1.] As part of Plaintiff's bankruptcy petition, Plaintiff was required to list in Schedule A/B all "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." [*Id.* ¶ 33.] Plaintiff stated that he had no such claims and did not list the discrimination he claims to have suffered. [*Id.*] Plaintiff did, however, list a personal injury lawsuit that he had pending at the time. [*Id.* ¶ 34.] Plaintiff signed several declarations stating under penalty of perjury that the information in the bankruptcy petition and other bankruptcy filings were true and correct. See, e.g., [*id.* at 44]. On December 16, 2016, the bankruptcy court entered an order confirming Plaintiff's Chapter 13 plan. [Bankruptcy I, R. 65.] However, on July 7, 2017, the court dismissed Plaintiff's bankruptcy for failing to make plan payments. [Bankruptcy I, R. 80.]

On September 12, 2017, the IDHR mailed Brinson a Notice of Dismissal for lack of Substantial Evidence, which informed him that he could file a lawsuit. [9-1, at 11–12.] Subsequently, on December 15, 2017, Plaintiff filed a complaint in the Circuit Court of Cook County alleging sexual harassment and retaliation against Defendant.[2] [*Id.* at 1.] On May 27, 2018, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the IDHR and provided Plaintiff a Right to Sue Notice. See generally [1-2]. On May 15, 2018, Plaintiff voluntarily dismissed the State Action. [State Action, R. 17 (May 15, 2018).]

---

[2] Plaintiff was represented by counsel in that suit. [9-1.]

2

During this period, Plaintiff filed a second voluntary petition for Chapter 13 bankruptcy on October 10, 2017. [Bankruptcy II, R. 1.] Once again, Plaintiff failed to disclose any of his claims in either the Schedule A/B or the Statement of Financial Affairs he filed with the bankruptcy court on October 24, 2017. [9-3, ¶¶ 33–34]; [9-4, at 4]. Similarly, on December 7, 2017, Plaintiff filed an amended Schedule A/B without including any of the claims against Defendant. [9-5, ¶¶ 33–34.] On December 8, 2017, the bankruptcy court entered an order confirming the Chapter 13 plan. [Bankruptcy II, R. 38, 46.] In both bankruptcies, Plaintiff was represented by counsel. [Bankruptcy I, R. 1]; [Bankruptcy II, R. 1].

On May 29, 2018, Plaintiff filed this action against Defendant alleging he was sexually harassed by a male co-worker and that he was fired in retaliation for complaining about the harassment. See generally [1]. On July 3, 2018, Defendant filed the instant motion to dismiss. [9.] Shortly thereafter, on July 18, 2018, Plaintiff disclosed his claim against Defendant for the first time in an amended Schedule A/B, though not this case specifically. [Bankruptcy II, R. 50, ¶ 33 ("Discrimination Lawsuit for harassment in the work place Charge Number 2016CF2468").] Defendant's motion was fully briefed on August 28, 2018. The court now resolves the motion.

## II. Legal Standard

Whether a plaintiff has standing to bring a lawsuit is a jurisdictional requirement that may be challenged through a motion made pursuant to Federal Rule of Civil Procedure 12(b)(1). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*), overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). There are two types of 12(b)(1) challenges—factual and facial—and they have a "critical

difference." *Apex Digital Inc.*, 572 F.3d at 443. When a defendant argues that "the plaintiffs' complaints, even if true, were purportedly insufficient to establish injury-in-fact," the challenge is a facial one. *Id.* at 443–44. "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Id.* at 443 (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)). Factual challenges, however, lie "where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" *Id.* (citing *United Phosphorus, Ltd. v. Angus Chem. Co.,* 332 F.3d 942, 946 (7th Cir. 2003)). Courts may look beyond the complaint only when a defendant brings a factual attack against jurisdiction, such as a claim that a plaintiff lacks standing. *Id.* Here, Defendant brings a factual attack against jurisdiction, and thus the Court looks to the documents attached to Defendant's motion, which are all related to Plaintiff's bankruptcy filing and state court lawsuit which are matters of public record. See *Geinosky v. City of Chicago,* 675 F.3d 743, 745–46 n.1 (7th Cir. 2012) (in ruling on a motion to dismiss, courts can consider "information that is subject to proper judicial notice"); *Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994) (holding that district court may take judicial notice of matters of public record, including public court documents, when considering a motion to dismiss).

To the extent that Defendant's judicial estoppel arguments fall more appropriately in the realm of Rule 12(b)(6), the standard is familiar: in reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in a plaintiff's complaint and draws all reasonable inferences in her favor. *Killingsworth v. HSBC Bank Nevada,* 507 F.3d 614, 618 (7th Cir. 2007). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim of relief that is plausible on its face. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009); *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, (2007).

4

## III. Analysis

Defendant contends that this Court must dismiss Plaintiff's lawsuit for lack of standing because Plaintiff's claims belong to the bankruptcy estate and the facts alleged demonstrate that he is not bringing his claims on behalf of, or for the benefit of, his bankruptcy estate. Defendant also argues that judicial estoppel forecloses the action given Plaintiff's consistent failure to disclose these claims in his bankruptcies. Plaintiff asserts that he has now amended the bankruptcy schedule and that as a result he has standing to pursue the claim on behalf of the bankruptcy estate, which is not barred by judicial estoppel. For the following reasons, the Court agrees with Plaintiff.

A Chapter 13 bankruptcy estate encompasses all property, including legal claims, acquired after the petition is filed and before the case is closed. See *Rainey v. United Parcel Service, Inc.*, 466 F. App'x 542, 544 (7th Cir. 2012) (citing 11 U.S.C §§ 541(a)(1), 1306(a)(1) and collecting cases). Debtors therefore have an ongoing duty to disclose and schedule newly acquired assets while the bankruptcy case is open. *Rainey*, 466 F. App'x at 544 (citing *In re Waldron*, 536 F.3d 1239, 1241 (11th Cir. 2008)). Although there is a trustee in a Chapter 13 bankruptcy, the trustee acts as an advisor and administrator while the debtor remains in possession of the estate. 11 U.S.C. §§ 1302(a), 1303, 1306(b); *Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (7th Cir.1999), overruled on other grounds by *Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013). A Chapter 13 debtor can therefore pursue legal claims for the benefit of the estate and its creditors. Fed. R. Bankr. P. 6009; *Cable,* 200 F.3d at 472–73; 8 Collier on Bankruptcy ¶ 1303.04.

Once the bankruptcy case is closed, however, a debtor can no longer pursue claims on behalf of the estate, and typically will be estopped from pursuing claims for his *own* benefit if those claims were concealed from creditors during the bankruptcy proceedings. See *Cannon–Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006). But as long as the bankruptcy proceedings are ongoing, a Chapter 13 debtor may inform the trustee of previously undisclosed legal claims, and

unless the trustee elects to abandon that property, the debtor may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval. Fed. R. Bankr. P. 1009(a), 6009; see *Kane v. Nat'l Union Fire Ins. Co.,* 535 F.3d 380, 384–85 (5th Cir. 2008) (noting that Chapter 7 cases routinely are reopened to permit trustees to administer previously undisclosed assets).

Whether the bankruptcy remains open also is largely dispositive of whether judicial estoppel applies. Where the bankruptcy case remains closed, *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010), or the debtor brings the claims on his own behalf rather than for the estate, *Calvin v. Potter*, 2009 WL 2588884 (N.D. Ill. Aug. 20, 2009),³ or the trustee has abandoned the property such that the debtor can bring the claim only for her personal benefit, *Cannon-Stokes*, 453 F.3d at 448, judicial estoppel applies. *Rainey*, 466 F. App'x at 544. But, where a Chapter 13 bankruptcy is open or has been reopened and the plaintiff discloses the relevant suit, the Seventh Circuit has instructed that preventing such a plaintiff from bringing his claims would undermine the interests of his creditors. *Rainey*, 466 F. App'x. at 545. The application of the equitable doctrine of collateral estoppel is therefore inequitable in those cases. See *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) ("Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application. Instead of vaporizing assets that could be used for the creditors' benefit, district judges should discourage bankruptcy fraud by revoking the debtors' discharges and referring them to the United States Attorney for potential criminal prosecution.").

Although uncited by either party, the Seventh Circuit's unpublished decision in *Rainey* addresses both questions in this case. In *Rainey*, the court considered whether a debtor who had a

---

³ In *Calvin*, the plan had been confirmed and there was no indication that Plaintiff had disclosed the claim, even during the pendency of the motion to dismiss. 2009 WL 2588884, at *3–4.

6

failed to disclose a lawsuit during the pendency his Chapter 13 bankruptcy, which had subsequently closed, lacked standing or was precluded by judicial estoppel from pursuing a case against his former employer. 466 F. App'x at 543–45. The court first recognized that while the bankruptcy had been closed when the district court dismissed the case, the bankruptcy court had reopened the case during the pendency of the appeal. Consequently, the Seventh Circuit concluded that the plaintiff, as a debtor-in-possession, had standing to litigate the claims on behalf of the estate. *Id.* at 544–45. The fact that the suit remained in his name, rather than that of the estate, did not change the court's analysis. Similarly, the *Rainey* court concluded that it would be inequitable to apply judicial estoppel given that the bankruptcy action had been reopened and the claim disclosed—rendering Rainey's creditors the real parties at interest. *Id.* at 545.

Like the plaintiff in *Rainey*, Plaintiff failed to disclose his claim against Defendant, not once, but four times. Plaintiff began pursuing this claim on May 3, 2016 when he filed a complaint with the IDHR. At that point he had already filed the first bankruptcy on April 22, 2016. Thus, the claim is an asset of the bankruptcy estate that should have been disclosed in Bankruptcy I. 11 U.S.C §§ 541(a)(1), 1306(a)(1). The bankruptcy court terminated Bankruptcy I for failure to make plan payments on July 7, 2017. Plaintiff then refiled for bankruptcy on October 10, 2017, where he again failed to disclose the claim in two Schedule A/Bs and a Statement of Financial Affairs. The bankruptcy court confirmed the Chapter 13 plan in Bankruptcy II on December 8, 2017. However, on July 18, 2018—more than two years after he filed his initial complaint with the IDHR—Plaintiff finally disclosed the claims in this suit, though not this suit specifically. To that point, Plaintiff had never disclosed the IDHR complaint, the State Action, or this suit he filed on May 29, 2018. In both bankruptcies, this suit, and the State Action, Plaintiff has been represented by counsel. It is therefore hard for the Court to reasonably infer, even on a motion to dismiss, that

the failure to disclose this claim was inadvertent. Nonetheless, at this point Plaintiff's claim has been disclosed and the Court has confirmed that it has been added to the schedules in the still pending bankruptcy. Thus, as a debtor-in-possession, Plaintiff does have standing to pursue this action on behalf of the estate, even if it is his own name. See, e.g., *Rainey*, 466 F. App'x at 543–45. Likewise, considering the Seventh Circuit's statements in *Bisek* and the fact that the claim is now being pursued in the interest of the estate, the Court concludes it would be inequitable to apply judicial estoppel when the proceeds of this suit will be used to make non-parties, Plaintiff's creditors, whole.[4] See *Biesek*, 440 F.3d at 413. The Court therefore denies Defendant's motion.[5]

Defendant's citation to *Becker v. Verizon N., Inc.*, — F. App'x. —, 2007 WL 1224039 (7th Cir. Apr. 25, 2007) is unavailing. First, as *Rainey* pointed out, it appears that the bankruptcy in *Becker* remained closed on appeal. 466 F. App'x at 544; see also 2007 WL 1224039, at *1. Moreover, given the facts of *Rainey* are substantively identical to the case at bar and *Rainey* was issued after *Becker*, to the extent the two cases conflict the Court elects to follow the more recent and factually similar analysis given that both were unpublished.

IV. Conclusion

For the reasons explained below, Defendant's motion [9] is denied. The case is set for further status on February 13, 2019 at 9:00 a.m.

Dated: February 4, 2019

                                               Robert M. Dow, Jr.
                                               United States District Judge

---

[4] The Court wishes to stress its reliance on this fact. If Plaintiff was not proceeding for the benefit of his bankruptcy estate, the Court would have had no choice but to dismiss this suit. See, e.g., *Murphy v. FT Travel Mgmt., LLC,* 2014 WL 1924045, at *4 (N.D. Ill. May 14, 2014) (dismissing a suit under Title VII and 42 U.S.C. § 1981 where Plaintiff failed to disclose the claims in her bankruptcy filings).

[5] Should discovery unearth evidence undermining any of the Court's conclusions in this opinion, Defendant is not precluded from renewing the arguments put forward in this motion in a motion for summary judgment.